Myron C. Gackenbach, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 10, 1980, before President Judge CRUMLISH, and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*F. Paul Laubner,* for petitioner.

*Charles Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

*Mark C. Stephenson,* Assistant Counsel, with him, *John Alford,* Deputy Chief Counsel and *George M. Kashi,* Chief Counsel, for Public Utility Commission.

OPINION BY PRESIDENT JUDGE CRUMLISH, May 22, 1980:

The Unemployment Compensation Board of Review (Board) affirmed the referee's denial of unemployment compensation benefits to Myron C. Gackenbach.[1] Gackenbach appeals. We affirm.

The issue is whether Gackenbach's termination of employment was a "voluntary quit."[2]

Gackenbach was last employed as a Tax Attorney II by the Commonwealth of Pennsylvania, Public Utility Commission. On July 18, 1978, he submitted a letter of resignation indicating a desire to terminate his employment and to seek a position more in keeping with his "training and experience and to correct [his] present distant commutation."

In reality, Gackenbach's resignation was prompted by receipt of an "unsatisfactory" job performance rating and his desire to keep such rating from becoming part of his personal file.

---

[1]Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2]Gackenbach also contends that the referee's findings are not supported by substantial evidence in that there is conflicting testimony regarding the "forced" nature of his termination. Suffice it to say that determinations of credibility are for the fact finder and not this Court on review.

Gackenbach argues on appeal that a rating of "unsatisfactory" in job performance is synonymous with discharge, making his termination involuntary and the denial of benefits improper. In addition, he contends that his resignation was necessary to preserve any future opportunity for employment with the Commonwealth.

While in a given factual pattern, an "unsatisfactory" job performance rating may be equivalent to discharge, *see Volk v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 529, 371 A.2d 1045 (1977), the recorded facts and findings of the referee belie such a finding here.

The referee found, and the record supports the referee's finding, that Gackenbach was aware that an interim evaluation report was being prepared; that the purpose of that report was to alert him of his deficiencies and to salvage him as a good employee; that had he not resigned work, he would have continued to be available at least up to the end of his probationary period[3] (three to four months) at which time he would have been terminated if his work had not improved; and finally, that the idea of resignation was initiated by Gackenbach and not his employer as an alternative to having the poor evaluation report become part of his work record.

When there is no imminent threat of termination from employment but only a mere possibility of its future occurrence, resignation because of a desire to keep an "unsatisfactory" evaluation from becoming part of the individual personnel file is not a necessitous and compelling reason for termination justifying the receipt of benefits.

Accordingly, we

---

[3]Gackenbach was a new employee still within his initial six month probationary period.

### ORDER

AND Now, this 22nd day of May, 1980, the decision of the Unemployment Compensation Board of Review at No. E-169076, dated February 22, 1979, affirming the referee's denial of benefits to Myron C. Gackenbach, is affirmed.