Thomas D. Grossman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*John J. Morgan,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 2, 1980:

Thomas D. Grossman (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision to deny Claimant benefits under Section 402(a) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(a), which provides:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act . . .

From the testimony presented before the Board at a remand hearing, the Board made the following findings of fact:

1. Claimant was last employed by Joy Manufacturing Co. as a welder at $6.69 an hour from 8-14-75 to 10-9-78 at which time he was separated due to lack of work.

2. In a letter dated 10-25-78 the claimant was recalled to work by Joy Manufacturing to the position of snag and grind operator at $5.72 an hour plus incentive.

3. This recall to work was in accordance with Article 91 of the Labor Management Agreement in effect between the Joy Manufac-

turing Co. and the International Association of Machinists and Aerospace Workers, Local 1842.

4. Claimant did not accept the recall to work because he does not wish to accept employment other than that of a welder.

5. Claimant would have returned to his former position of welder when a position in that classification became available in line with his seniority.

6. Claimant was capable of performing the duties of snag and grind operator and would have sustained no decrease in salary as in all likelihood he would have increased his earnings under the employer's incentive plan which covered snag and grind operators.

Based upon the circumstances as the Board found them, the Board concluded that Claimant had failed to accept a recall to suitable work, thus rendering himself ineligible for benefits under Section 402(a) of the Act.

Our scope of review of an appeal from an order of the Board is confined to questions of law and, absent fraud, a determination of whether the Board's findings are supported by the evidence. *Davy v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 153, 392 A.2d 330 (1978). Hence, when it is decided as a fact by the Board that the Claimant was available for suitable work, such a finding is conclusive if it is supported by the evidence. *United States Steel Corp. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 295, 310 A.2d 94 (1973).

We may review, therefore, the basic issue raised by Claimant on appeal—whether or not the Board's conclusion that Claimant refused suitable work is based on substantial evidence. Claimant contends that the fact that he is capable of performing the duties of a

snag and grind operator, and the fact that he will sustain no decrease in earnings by accepting the recall to the new position, form no basis for a finding that the work was suitable. Claimant argues that a finding of suitability by the Board must be based instead on evidence that the jobs of welder and of snag and grind operator require the same skills and are at a comparable "occupational level;" for Claimant believes that it is the Act's purpose to protect his specialized skills in the face of economic difficulties.

Furthermore, Claimant asserts that the Board erroneously relies on Article 91 of the collective bargaining agreement between the Joy Manufacturing Company and the Claimant's union[1] in determining that claimant, without good cause, accepted work which was suitable. Claimant states that Article 91 has been misinterpreted by the Board to mean that an employee's failure to accept a recall to another job by the employer results in voluntary termination and forfeiture of his rights to unemployment compensation benefits.

We find that the Board's determination that Claimant refused suitable work is based on substantial evidence. "Suitable work" is defined statutorily as "all work which the employe is capable of performing." Section 4(t) of the Act, 43 P.S. §753(t).[2] Sec-

---

[1] Article 91 provides in pertinent part:

When recalled, a laid off employee, except the employee lowest on the seniority list in his department, is under no obligation to accept a job classification different from his regular job classification . . . However, an employee who does not accept such different job classification shall forfeit any and all rights to take that job classification until recalled by the Company in accordance with the seniority provisions for a job classification other than the job classification which he previously rejected. . . .

[2] Section 4(t) of the Act provides in full:

'Suitable work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall

tion 4(t) also provides that the difference in remuneration between the previous position and the job offered is an important factor to consider in determining whether work is suitable for an individual. The fact that Claimant is capable of performing the duties of a snag and grind operator and the fact that his earnings will likely *increase* by working in that position thus constitute sufficient evidence to support the Board's finding that *suitable work* was refused by Claimant. Contrary to Claimant's assertions, the Board does not rely on Article 91 of the collective bargaining agreement as support for its conclusion that Claimant rejected suitable work. The Board's only reference to Article 91 is its finding of fact No. 3, which merely states that the recall of Claimant to work was in accordance with Article 91; the Board goes no further to interpret the provision.

We reject the Claimant's contention that the Board's failure to find that the welding job and the job as snag and grind operator required the same

consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which (1) the position offered is vacant, due directly to a strike, lockout, or other labor dispute, or (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employee than those prevailing for similar work in the locality, or (3) as a condition of being employed, the employe would be required to join a company union, or to resign from, or refrain from joining, any bona fide labor organization.

skills demonstrates that the work was unsuitable. We find no merit in Claimant's argument that if he had accepted the position of snag and grind operator, his skills as a welder would be lost. Working as a snag and grind operator for several weeks or months until a position as welder became vacant could not effectively destroy Claimant's acquired welding skills. Certainly, remaining unemployed for the same period would not better maintain Claimant's welding abilities! The fundamental purpose of the Act is not to preserve workers' skills, when laid off for lack of work, but "to provide a semblance of economic security to those who are unemployed through no fault of their own." *Barillaro v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 325, 331, 387 A.2d 1324, 1328 (1978). Obviously, Claimant would be afforded the economic security intended by the Act by accepting the recall to work as a snag and grind operator.

Therefore, we hold that where, as here, a claimant laid off for lack of work is recalled by his employer to another job which claimant is capable of performing at an expected salary which by reason of incentive pay could be equal to or even greater than that received by claimant in his former employment, the claimant's refusal to accept the position—for the mere reason that it demands fewer or different skills than were required by his former job—is a failure to accept suitable work, which results in the ineligibility of the claimant to receive unemployment compensation benefits under Section 402(a) of the Act.

ORDER

AND Now, this 2nd day of July, 1980, the order of the Unemployment Compensation Board of Review denying Thomas D. Grossman unemployment compensation benefits is hereby affirmed.