IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald C. Dettlinger,                    :
                        Petitioner       :
                                         :
            v.                           :
                                         :
Unemployment Compensation Board          :
of Review,                               :    No. 810 C.D. 2019
                        Respondent       :    Submitted: February 11, 2020


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  February 28, 2020


            Donald C. Dettlinger (Claimant) petitions this Court for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) June 4, 2019 order
affirming the Referee's decision denying Claimant UC benefits under Section 402(b)
of the UC Law (Law).[1]  Claimant presents one issue for this Court's review: whether
the UCBR properly determined that he was ineligible for UC benefits because he quit
in lieu of being discharged.  After review, we affirm.

            Claimant worked as a full-time steward for Jockey Club of Etna
(Employer) from September 2005 through December 16, 2018.  Employer operates a
men's club which is overseen and directed by an elected board of officers (Board).
On December 12, 2018, a new Board was elected.  Around the date of the election,
Employer's vice president stated to Claimant that the Board would probably let him
go.  Due to Claimant's concerns that Employer would release or terminate his

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b) (relating to voluntarily leaving work without cause of a necessitous and compelling nature).

employment, Claimant resigned from employment effective December 16, 2018, without further discussing the issue or his concerns with Employer.

Claimant applied for UC benefits. On January 22, 2019, the Altoona UC Service Center determined that Claimant was ineligible for UC benefits under Section 402(b) of the Law. Claimant appealed and a Referee held a hearing. On February 19, 2019, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On June 4, 2019, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[2]

Claimant argues that he had a necessitous and compelling reason for quitting because Employer's vice president informed him that he would be let go.

Initially,

> Section 402(b) of the Law, pertaining to voluntary termination without cause of a necessitous and compelling nature, provides, in part, that an employee shall be ineligible for compensation for any week '[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.' [43 P.S. § 802(b).] Where a claimant voluntarily separates from employment, the claimant bears the burden of proving that the basis of the decision to separate from employment was a necessitous and compelling one. This burden may be met by showing that the circumstances at the time of the decision produced both a real and substantial pressure to leave the employment and that a reasonable person would have been similarly compelled under the same circumstances.

*Indiana Univ. of Pa., State Sys. of Higher Educ. v. Unemployment Comp. Bd. of Review*, 202 A.3d 195, 203-04 (Pa. Cmwlth. 2019) (citation omitted).

---

[2] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Review*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

Further,

> **uncertainty and speculation about the future existence of a job does not create necessitous and compelling cause**. *Goffi v. Unemployment Comp*[.] [*Bd.*] *of Review*, . . . 427 A.2d 1273 ([Pa. Cmwlth.] 1981) (a college professor who resigned in the face of a dean's recommendation that he be terminated was not entitled to benefits since no definite determination about his status had been made by anyone with the actual authority to fire him); *Gackenbach v. Unemployment Comp*[.] [*Bd.*] *of Review*, . . . 414 A.2d 770 ([Pa. Cmwlth.] 1980) (an unfavorable performance evaluation created no imminent threat of termination but merely a possibility of a future occurrence, at least three to four months away, and thus, resignation was not deemed a necessitous and compelling reason); *Rizzitano v. Unemployment Comp*[.] [*Bd.*] *of Review*, . . . 377 A.2d 1060 ([Pa. Cmwlth.] 1977) (an employer threat that a claimant would be fired if he did not increase productivity created no more than a possibility of a future discharge and did not justify terminating his employment).

*Dep't of Navy v. Unemployment Comp. Bd. of Review*, 650 A.2d 1138, 1140 (Pa. Cmwlth. 1994) (emphasis added); *see also Flammer v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 1204 C.D. 2014, filed January 9, 2015) (holding the claimant's resignation to avoid the possibility of termination constituted a voluntary quit under Section 402(b) of the Law).[3]

> Here Claimant testified, relative to his last day of work:

> Well, that was on a Sunday. The Wednesday before that was the monthly regular meeting with the club. At that time, they elected a new [Board], and I was told after the meeting they would [sic] **probably** going to let me go because they wanted to put their own people into those positions -- into that position. And that's why I cleaned everything up on Sunday, which was the, you know, the end

---

[3] This Court's unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Flammer* is cited for its persuasive value.

of the week, when I have to do all the books and stuff and rectify all the monies and stuff. And I told the [v]ice [p]resident at that time that I was going to leave, and gave him all the keys and stuff, and he said okay.

Reproduced Record (R.R.) at 50 (emphasis added).[4] Claimant clarified:

R[eferee] So, who was the individual that said -- that you said they said that (inaudible) . . .

C[laimant] Oh, it's the [v]ice [p]resident, Mr. Nick Wealthmyer (phonetic) . . .

R[eferee] Okay.

C[laimant] . . . Jr. He was the [v]ice [p]resident then. He is now the [p]resident.

R[eferee] Okay. And he said to you that they're **probably** going to let you go?

C[laimant] Yeah.

R.R. at 50 (emphasis added). Claimant concluded:

C[laimant] I was led to believe that I wasn't going to be held over.

R[eferee] Oh, okay. All right. And other than those discussions you had, did you speak with anyone else on the Board or in a position of authority. . .

C[laimant] No . . . [.]

R[eferee] . . . about these issues?

C[laimant] No, I didn't.

R.R. at 51.

This Court has explained: "[T]he [UCBR] is the ultimate fact-finder in [UC] matters[.] . . . Where substantial evidence supports the [UCBR's] findings, they

---

[4] Claimant did not place a small "a" after the page numbers in the reproduced record as Pennsylvania Rule of Appellate Procedure 2173 requires. *See* Pa.R.A.P. 2173. For ease of reference, the Court cites the reproduced record in accord with Claimant's numbering.

4

are conclusive on appeal." *Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018) (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted)). "Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion." *Sipps*, 181 A.3d at 484 (quoting *Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999)).

> Here, the UCBR adopted the Referee's findings and conclusion:

> In the present case, [] Claimant voluntarily resigned his employment due to his concerns and speculation that he would be released or terminated from his employment due to the election of a new [B]oard and statements made to him by [] Employer's vice president.

> However, [] Claimant failed to establish that he was facing an imminent discharge at the time that he resigned his employment. Rather, [] Claimant resigned his employment without further discussing the matter with [] Employer or the [B]oard to confirm their intent and that the vice president's statements were correct prior to resigning his employment.

> [] Claimant voluntarily resigned his employment to avoid the possibility of a discharge which does not establish a necessitous and compelling reason for leaving his employment. Accordingly, [UC] benefits must be denied under Section 402(b) of [Law].

R.R. at 56.

Based upon this Court's thorough review of the record, there is substantial evidence to support the UCBR's findings and conclusion. Accordingly, this Court holds that the UCBR properly concluded that Claimant's resignation to avoid the possibility of termination constituted a voluntary quit without a necessitous and compelling reason under Section 402(b) of the Law and, thus, we discern no error or abuse of discretion by the UCBR in denying Claimant UC benefits under Section 402(b) of the Law.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald C. Dettlinger,                          :
                           Petitioner          :
                                               :
              v.                               :
                                               :
Unemployment Compensation Board                :
of Review,                                     :        No. 810 C.D. 2019
                          Respondent           :

ORDER

AND NOW, this 28th day of February, 2020, the Unemployment Compensation Board of Review's June 4, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge