IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle P. Rhine,                          :
                    Petitioner              :
                                            :
          v.                                :
                                            :
Unemployment Compensation                   :
Board of Review,                            :      No. 1281 C.D. 2019
                    Respondent              :      Submitted: February 21, 2020


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                     FILED:  April 17, 2020


          Michelle P. Rhine (Claimant) petitions, *pro se*, for review of the July
25, 2019 order of the Unemployment Compensation Board of Review (Board),
which affirmed the Unemployment Compensation Referee's (Referee) denial of
benefits based on willful misconduct.  Upon review, we affirm.

          Claimant was employed at Media Smiles (Employer) as a full-time
dental assistant from April 2006 to April 4, 2019.  Findings of Fact (F.F.) 1;
12/06/2019 Notes of Testimony (N.T.) 10-11.[1] On April 3, 2019, Employer's owner,
Catherine Cavanaugh, DMD (Owner), asked Claimant to sterilize some dental

_____

[1] Pursuant to Pa.R.A.P. 556 and 2151(b), a claimant-appellant in an unemployment
compensation matter is not required to file a reproduced record.  Accordingly, our citations are to
the certified record and the hearing transcript of the Referee hearing.  The Referee's Findings of
Fact can be found at page 99 of the certified record.

hygienist instruments. Claimant refused, stating that sterilizing hygienist instruments is not part of her job, and she was sent home with pay. F.F. 3-5; N.T. 10. Claimant returned to work on April 4, 2019 and once again indicated that she would not be willing to sterilize hygienist instruments because she believed that her job only required her to sanitize the instruments used by doctors. Claimant was once again sent home with pay. F.F. 6, 8; N.T. 10. On April 6, 2019, Claimant and Owner met to discuss Claimant's employment situation, and Claimant indicated that she would not want to continue working for Employer if she was required to clean the instruments of dental hygienists. Following this meeting, Claimant was discharged. F.F. 9-10; N.T. 11-12.

Claimant applied for unemployment compensation benefits with the Harrisburg Overflow Center (Overflow Center). In her internet initial claims form, Claimant indicated that she refused to clean certain instruments because she "felt that [she] was being told to clean up after another person." Certified Record (C.R.) 12. A Notice of Determination was issued on May 10, 2019, finding that Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[2] Claimant appealed the Overflow Center's decision to the Referee, who held a hearing on the matter. Regarding her refusal to sterilize dental hygienist instruments as directed by Owner, Claimant provided the following testimony before the Referee:

> [Referee] … were you asked to sterilize hygienist instruments?

---

[2] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), provides, in relevant part, "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."

[Claimant]  Yes.

[Referee]  Okay.  Did you agree to do so or refuse to do so?

[Claimant] I refused to do so.

[Referee]  And why?

[Claimant]  Because I have never, ever cleaned [hygienist] instruments, ever.

. . . .

[Referee]  Was there a [hygienist] assistant in the – at [Employer's] office?

[Claimant] No.

[Referee] Were you aware that regardless of whether it was doctor instruments or hygienist instruments, that they were processed in the same way?

[Claimant] Yes, I was aware of that.

[Referee]  So, then, why would you have been unable to sterilize hygienist instruments if they were sterilized the same way as [a] doctor's instruments?

[Claimant]  Because my main concern was making sure [Owner] had her instruments for her patients, not the [hygienist] patients.

C.R. 64-65; N.T. 12-13.  When questioned further by the Referee regarding her refusal to sterilize hygienist instruments, the following exchange took place:

3

> [Referee]   [Claimant], is there anything else that you wanted to add at this time that you have not already stated?
>
> [Claimant]   Yes, I would.   I am not a licensed dental assistant.  [Owner] and the hygienist are both licensed, so I had no liability when it comes to insurance and with the instruments.
>
> [Referee] Does that have something to do with your refusal?
>
> [Claimant] No.
>
> [Referee]   Then, it's not relevant to me.   Anything else?
>
> [Claimant]   I don't have professional liability.   It was a code violation.

C.R. 67; N.T. 15.

At the hearing, the Referee also questioned Owner regarding Claimant's refusal to sterilize hygienist instruments.  C.R. 60-64; N.T. 8-12.  Owner related that, in larger dental offices, a hygienist assistant might be employed, but that in her smaller office there is no hygienist assistant.  With regard to instrument sterilization, Owner testified that

> everyone is expected to chip in.  The hygienists chip in and clean the doctors' instruments.  The assistants chip in and clean the hygienists' instruments … whatever is up next to be processed, it's expected that whoever is there at the time processes those instruments.

C.R. 62-63; N.T. 10-11.  Owner further testified that, although instruments used by doctors and hygienists are different, they are processed the same way using the same equipment.  C.R. 62; N.T. 11.  Owner also testified that, after Employer hired a second dental hygienist, she held an office meeting over lunchtime and discussed

ways in which the employees could work better as a team. The result of that discussion was a directive that everyone in the office needed to assist with instrument sterilization. C.R. 69; N.T. 17.

Based on the evidence presented, the Referee determined that Claimant was discharged after refusing a reasonable directive from Owner to sterilize hygienist instruments and that Claimant failed to offer any competent or credible testimony or evidence to establish that her refusal was reasonable. C.R. 100. The Referee concluded that Employer had no hygienist assistant, that Employer needed everyone to pitch in, and that although the doctor's instruments and the hygienists' instruments may have been different, the sterilization process was not different. *Id*. Accordingly, the Referee deemed Claimant ineligible for benefits pursuant to Section 402(e) of the Law. Claimant appealed the Referee's decision to the Board and the Board adopted and incorporated the Referee's Findings of Fact and Conclusions of Law by order dated July 25, 2019. C.R. 96. Claimant now petitions this Court for review.[3]

On appeal, Claimant argues that, as a dental assistant, she was concerned she "did not have the professional liability to sterilize the instruments that a dental hygienist uses." Claimant's Brief, p. 6. Claimant further argues that she was worried that, since she is not a licensed dental hygienist assistant, she would be in violation of a code or breaking the law if she sterilized the instruments of a dental hygienist.

---

[3] Our scope of review in this case is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether factual findings are supported by substantial evidence and whether an error of law has been committed. *Glover v. Unemployment Comp. Bd. of Review, 874 A.2d 692, 694 n. 5 (Pa. Cmwlth. 2005)*. Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Id*. The Board's findings of fact are conclusive on appeal as long as the record, taken as a whole, contains substantial evidence to support those findings. *Brandt v. Unemployment Comp. Bd. of Review*, 643 A.2d 78, 79 (Pa. 1994).

5

First, we note that it is undisputed that Claimant refused to sterilize dental hygienist instruments as requested by Owner and that Claimant was discharged as a result of her refusal. Therefore, the sole issues before the Board were whether Owner's directive to sterilize dental hygienist instruments was reasonable and whether Claimant had good cause for refusing to do so.

It is well-settled that the failure of an unemployment compensation claimant to follow an employer's directive can constitute willful misconduct and result in the denial of unemployment compensation benefits. *Bailey v. Unemployment Comp. Bd. of Review*, 457 A.2d 147, 149 (Pa. Cmwlth. 1983). The burden of proving that the claimant engaged in willful misconduct is on the employer. *Guthrie v. Unemployment Comp. Bd. of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). It is also well-settled that an employer may alter work assignments and schedules in accordance with changing business conditions. *Anchor Darling Valve Co. v. Unemployment Comp. Bd. of Review*, 598 A.2d 647, 650 (Pa. Cmwlth. 1991). However, the claimant may justify a refusal to follow an employer's directive by showing that the directive was unreasonable or her conduct was for good cause. *Cundiff v. Unemployment Comp. Bd. of Review*, 489 A.2d 948, 950 n.4 (Pa. Cmwlth. 1985). The burden of showing good cause for refusing to comply with an employer's directive is on the claimant. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). Further, the Board is the ultimate fact finding body and arbiter of credibility in unemployment compensation cases. *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017). "Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review." *Id.* "The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief." *Id.*

6

Here, the Board weighed the evidence and found that the competent evidence of record supported a finding that Claimant engaged in willful misconduct when she refused a reasonable directive of Owner to clean the instruments used by the dental hygienists in Employer's office. C.R. 96; 100. The Board argues, and we agree, that the testimony of record indicates that sterilizing "the dental hygienist instruments required no special skill[,] as sterilizing dental hygienist instruments used a process identical to the instrument sterilizations [Claimant] was required to complete for the dentist instruments, which was already part of [Claimant's] job responsibilities." Board's Brief, p. 8. The testimony of record also indicates that, at an office meeting where the employees of Owner's dental office discussed ways in which they could more effectively work together as a team after Employer hired a second dental hygienist, Owner announced that all employees should assist in the sterilization of instruments. C.R. 69; N.T. 17. Thus, even if Claimant did not sterilize hygienist instruments when she first started working for Employer, it is clear that Owner changed Claimant's work assignments and that this change, which was implemented to make the office more efficient, was within Owner's prerogative. *Anchor Darling Valve.* As such, the Board's finding that Owner's directive was reasonable is supported by the testimony presented before the Referee.

The burden then shifted to Claimant to show either that the directive was unreasonable or that she had some other good cause for refusing to comply with Owner's directive. *Walsh; Cundiff.* Here, the Board adopted the findings of the Referee that, based upon the credible evidence of record, Claimant's refusal to clean dental hygienist instruments was based upon Claimant's belief that it was not her job to clean hygienist instruments because she was an unlicensed dental assistant and not a licensed hygienist assistant. C.R. 99; F.F. 6, 9. Indeed, in her testimony before the Referee and in her appellate brief, Claimant only makes vague references to "code violations" and "professional liability" in support of her position that she

7

should not have been required to sterilize hygienist instruments. Claimant's Brief, p. 6. Claimant cites to no law, code, regulation or any other source that would support her position that Owner's directive was unreasonable or unlawful. The mistaken belief of a claimant that she is not permitted by law or otherwise to follow the directive of an employer is not enough to establish good cause to refuse such a directive. *See Simpson v. Unemployment Comp. Bd. of Review*, 450 A.2d 305, 312 (Pa. Cmwlth. 1982) (a claimant's incorrect subjective belief regarding legal rights, even if sincerely held, is not sufficient to establish good cause for willful misconduct). Consequently, the Board did not err in concluding that Claimant did not show good cause for refusing Owner's directive and, as such, did not err when it affirmed the Referee's decision finding Claimant ineligible for benefits under Section 402(e) of the Law.

Accordingly, we affirm.


_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle P. Rhine,                         :
                 Petitioner        :
                                  :
         v.                       :
                                  :
Unemployment Compensation     :
Board of Review,                 :     No. 1281 C.D. 2019
                 Respondent     :

O R D E R

AND NOW, this 17th day of April, 2020, the July 25, 2019 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge