Joseph H. Goffi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Leon Ehrlich,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 10, 1981:

The claimant[1] appeals here because the Board[2] denied him benefits on the ground that he voluntarily terminated his employment without cause of necessitous and compelling reason.[3]

---

[1] Joseph H. Goffi.

[2] Unemployment Compensation Board of Review.

[3] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which provides in pertinent part:

In December of 1978, the claimant, a college professor, was advised by the dean of the college[4] that, due to the continuing nature of the claimant's unsatisfactory performance,[5] the dean was recommending to the president of the college that the claimant's services be terminated at the end of the academic year.[6] Later the same day the claimant, who argues that he believed the dean's recommendation to be tantamount to a dismisal, submitted a letter of resignation. On or about January 11, 1979 he went on sick leave for the remainder of his contract year.

Whether a termination of services is a voluntary quit or a discharge is a question of law to be determined by this Court based upon the findings of fact made by the Board, *Zibelman v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 108, 411 A.2d 1313 (1980), and in voluntary quit cases under Section 402(b)(1) of the Unemployment Compensation Law, the burden is upon the employee to prove that he had a necessitous and compelling reason for leaving his employment. *Rinehart v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978); *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974).

---

An employe shall be ineligible for compensation for any week—

. . .

(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . .

[4] Reading Area Community College.

[5] The unsatisfactory performance involved lateness, student complaints and failure to respond to previous evaluations by former department heads.

[6] The record indicates that the president's recommendation for dismissal was in turn forwarded to and adopted by the board of trustees at its December meeting.

Here the claimant could have continued in his status as a professor and could have awaited the action of the board of trustees, with whom the final decision rested. His resignation, therefore, was premature because there had not been any definitive determination of his status by those with authority to hire and fire.

There was clearly substantial evidence to support the finding of the Board, and we must affirm.

### Order

And Now, this 10th day of April, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge WILKINSON, JR. concurs in the result only.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.