167 Pa. Commonwealth Ct. 386 (1994)
648 A.2d 124
PENNSYLVANIA LIQUOR CONTROL BOARD, Petitioner,
v.
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
Commonwealth Court of Pennsylvania.
Submitted May 6, 1994.
Decided September 13, 1994.
Reargument Denied October 25, 1994.
Petition for Allowance of Appeal Denied March 30, 1995.
*388 Rodrigo J. Diaz, Asst. Counsel, for petitioner.
David B. Washington, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.
Before CRAIG, President Judge, NEWMAN, J., and DELLA PORTA, Senior Judge.
*389 DELLA PORTA, Senior Judge.
The Pennsylvania Liquor Control Board (Employer) appeals from the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision granting unemployment compensation benefits to Celeste K. Savage (Claimant). The issues raised on appeal are (1) whether the Board erred in concluding that Claimant was separated from employment due to Employer's discharge, rather than her voluntary resignation; and (2) whether Claimant was discharged for willful misconduct and is therefore ineligible for benefits, pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1].
Claimant was employed by Employer as a full-time clerk/typist II from November 1982 to May 7, 1993. The Bureau of Unemployment Compensation Benefits and Allowances approved Claimant's application for unemployment compensation benefits pursuant to Section 402(e) of the Law, concluding that Claimant was discharged for reasons which are not considered willful misconduct. Employer appealed, and the referee held a hearing at which Claimant testified and Employer presented the testimony of its employees.
The following facts found by the referee and adopted by the Board are undisputed. On June 8, 1992, Claimant was reprimanded for undependability. Thereafter, on August 6, 1992, Claimant was suspended for one day for excessive absenteeism. On October 15, 1992, Claimant was again suspended for three days for excessive absenteeism and was warned that any future violations would result in dismissal. Between October 16, 1992 and March 30, 1993, Claimant recorded thirteen more absences. All of Claimant's absences in question were due to her illness. Claimant properly reported off sick with approval of her supervisor and provided medical documentations as required by Employer. On April 2, 1993, Employer's regional *390 facilities manager informed Claimant that he had recommended a disciplinary action against her, up to and including a dismissal, for her excessive absenteeism. On April 8, 1993, Claimant submitted a letter of resignation/retirement effective May 7, 1993.
The referee concluded that since Claimant chose to retire to avoid an imminent dismissal, her separation from employment should be treated as a discharge, rather than a voluntary retirement, and that Claimant is eligible for benefits pursuant to Section 402(e) of the Law because she did not commit willful misconduct. On appeal, the Board affirmed.[2]
A claimant who resigned under the circumstances indicating only a possibility of a discharge is considered to have voluntarily resigned. Charles v. Unemployment Compensation Board of Review, 122 Pa.Commonwealth Ct. 439, 552 A.2d 727 (1989). However, where the claimant resigned in order to avoid an imminent discharge, the Board may properly treat the claimant's separation from employment as a discharge for willful misconduct under Section 402(e) for the purposes of determining an eligibility for unemployment benefits. Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review, 44 Pa.Commonwealth Ct. 452, 403 A.2d 1362 (1979). Employer contends that the referee committed an error of law in treating Claimant's retirement/resignation as a discharge because facts in this matter show only a possibility of her discharge at the time of her separation from employment.
*391 A claimant has the burden of proving that his or her separation from employment was a discharge. Norman Ashton Klinger & Assoc. v. Unemployment Compensation Board of Review, 127 Pa.Commonwealth Ct. 293, 561 A.2d 841 (1989). A determination of whether a claimant's separation from employment was a voluntary resignation or a discharge is made by examining the facts surrounding the claimant's termination of employment. Charles. Such determination is a question of law to be made based upon the Board's findings. Norman Ashton.
In the matter sub judice, Employer has a progressive disciplinary system: warnings, a one-day suspension, three-day suspension and a dismissal. Employer's witness testified that when an employee violates Employer's rules after a three-day suspension, the next step is to recommend dismissal of the employee. It is undisputed that after numerous warnings, reprimand and suspensions for the excessive absences, Claimant was warned by Employer that "any future failure of competent performance or misconduct in the area of [her] dependability will result in [her] removal." (Employer's October 15, 1992 Letter.) (Emphasis added.) The regional manager stated in a letter informing Claimant of his recommendation of a disciplinary action: "You continue to display undependability/excessive absences . . . despite prior related instructions, suspensions and final warning, in that you were absent without any sick leave benefits on the following dates:. . . ." (Employer's April 2, 1993 Letter.) Claimant testified that Employer always approves a disciplinary action as recommended by the supervisors. Claimant's supervisor testified that during the discussion with Claimant after the recommendation, he told Claimant that "if she wanted to resign, that was, certainly was  it would be a lot  better on her record then [sic] if she were terminated." (N.T., p. 12.)
In deciding whether an employee voluntarily resigned or was discharged, we must examine the facts in their totality. Walker v. Unemployment Compensation Board of Review, 56 Pa.Commonwealth Ct. 446, 425 A.2d 477 (1981). The Board, after considering the totality of the circumstances surrounding *392 Claimant's separation from employment, concluded that Claimant resigned to avoid the imminent discharge. We find that the Board's conclusion is amply supported by the record and that the Board therefore properly treated Claimant's resignation/retirement as a discharge.
Employer nonetheless argues that in some instances, it does not accept recommended disciplinary actions and that Claimant's discharge was not imminent because a final decision on the recommendation had not been made at the time of her resignation. In support, Employer relies upon Goffi v. Unemployment Compensation Board of Review, 58 Pa.Commonwealth Ct. 422, 427 A.2d 1273 (1981), and Smith v. Unemployment Compensation Board of Review, 41 Pa.Commonwealth Ct. 57, 398 A.2d 256 (1979).
In Goffi, the claimant, a college professor, submitted a letter of resignation after he was advised by the dean of the recommendation of his dismissal for unsatisfactory performance. In Smith, the claimant resigned after she was apprised of the recommendation of her dismissal after the employer's investigation of a certain event. The claimant testified that she was told by her supervisor that she had the option of resigning or waiting for the decision of the director who "may agree with him or turn it down." In Goffi and Smith, this Court concluded that the claimants' resignation was premature and therefore voluntary because they could have waited for a final decision on the recommendations. However, unlike in those cases, Employer had taken disciplinary actions against Claimant and warned her before the recommendation that any future absences would result in dismissal. We find, therefore, that Goffi and Smith are distinguishable and do not support Employer's position.
Having concluded that Claimant resigned to avoid the imminent discharge and that the Board, therefore, properly treated Claimant's resignation/retirement as a discharge, our next inquiry is whether Claimant was discharged for willful misconduct and is therefore ineligible for benefits under Section 402(e). An employer has the burden of proving willful *393 misconduct by an employee. Heins v. Unemployment Compensation Board of Review, 111 Pa.Commonwealth Ct. 604, 534 A.2d 592 (1987). Whether an employee's conduct rises to the level of willful misconduct is a question of law. County of Luzerne v. Unemployment Compensation Board of Review, 148 Pa.Commonwealth Ct. 473, 611 A.2d 1335 (1992).
It is well settled that even excessive absenteeism due to illness, if properly reported, does not constitute willful misconduct. Vargas v. Unemployment Compensation Board of Review, 87 Pa.Commonwealth Ct. 158, 486 A.2d 1050 (1985). In the matter sub judice, it is undisputed that Claimant's absences were due to illness and that in each instance, Claimant properly obtained her supervisor's approval, properly reported off and submitted her doctor's certification, as required by Employer's rules. Hence, Claimant did not commit willful misconduct, and she is eligible for benefits under Section 402(e) of the Law.
Accordingly, the order of the Board is affirmed.[3]

ORDER
AND NOW, this 13th day of September, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.
This decision was reached before the conclusion of President Judge CRAIG's service.
NOTES
[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."
[2] This Court's scope of review of the Board's decision is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed, or whether all necessary findings of fact are supported by substantial evidence in the record as a whole. Apple v. Unemployment Compensation Board of Review, 126 Pa.Commonwealth Ct. 195, 559 A.2d 87 (1989). In reviewing the Board's decision, this Court must examine the evidence in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the evidence. Taylor v. Unemployment Compensation Board of Review, 474 Pa. 351, 378 A.2d 829 (1977).
[3] Because we conclude that Claimant's resignation/retirement was not voluntary, it is unnecessary to address Employer's contention that Claimant is ineligible for benefits under Section 402(b) of the Law, 43 P.S. § 802(b).