Luke D. **FISHEL, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** **Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 13, 1996.

Decided April 11, 1996.

Patricia Carey Zucker, for Petitioner.

Lisa Jo Fanelli, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

COLINS, President Judge.

Luke Fishel (Fishel) petitions for review of the June 26, 1995 decision of the Unemployment Compensation Board of Review (Board), which reversed an award of benefits upon determining that Fishel voluntarily terminated her employment without cause of a necessitous and compelling nature and was therefore disqualified from receiving benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Fishel worked for Central Dauphin School District (School District) as a long-term substitute teacher from August 1994 through February 22, 1995. At the end of the fall semester, Fishel received an unsatisfactory performance evaluation. After that evaluation, the school principal and Fishel worked out performance objectives and a plan to improve Fishel's performance. Sometime in February 1995, Fishel received a second unsatisfactory evaluation.

In response to the second evaluation, school administrators met with Fishel and union representative Donald Dupes on February 22, 1995. Testifying for the School District, administrative assistant Robert McMinn explained that the purpose of the meeting was to explain the School District's concerns. McMinn testified that after considering Fishel's responses to these concerns, he told Fishel that effective immediately, she

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

was placed on leave without pay and that he would recommend to the school board that she be dismissed. Fishel resigned.

Fishel testified that at the conclusion of the February 22 meeting, McMinn told her that she should submit her resignation or face formal termination. Fishel testified that she was told not to report for work the following day and that "it was very clear that I was no longer employed." According to Fishel, she submitted her resignation to avoid having the termination appear on her employment record. Corroborating Fishel's testimony, Donald Dupes testified that McMinn told Fishel it had been decided that Fishel's employment was terminated immediately, but Fishel could resign instead. Fishel and Dupes both testified that McMinn did not explain the termination procedure.

Based on the testimony, the referee concluded that Fishel resigned under "real and substantial pressure" and awarded Fishel benefits. On appeal, the Board reversed. The Board found as fact that only the school board had the authority to fire or reinstate an employee and that prior to voting a formal hearing would be held at which the employee would be represented by counsel. From these facts, the Board concluded that Fishel resigned voluntarily without necessitous and compelling cause to avoid the possibility of termination after a formal hearing.

■ The Court's review of unemployment compensation cases "is limited to determining whether the necessary findings are supported by substantial evidence and whether the Board has committed legal error or constitutional violations." *Sargent v. Unemployment Compensation Board of Review,* 157 Pa.Cmwlth. 534, 630 A.2d 534, 535–36 (1993). Whether an employee's conduct constitutes voluntary termination is a question of law to be determined by examining the findings of fact made by the Board. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review,* 167 Pa. Cmwlth. 386, 648 A.2d 124 (1994), *petition for allowance of appeal denied,* 540 Pa. 615, 656 A.2d 120 (1995). Fishel contends that she did not voluntarily terminate her employment; rather, she was forced to resign when McMinn told her to resign or be terminated

by the Board. Fishel contends that she had no real choice: in both instances the result would be the same, her employment would be terminated, but resignation would be less harmful to her employment record. The School District contends that Fishel was told that termination proceedings would be initiated, but that she could resign rather than go through the termination process.

■ Where the employee, without action by the employer, resigns, leaves, or quits employment, that action amounts to a voluntary termination. *Sweigart v. Unemployment Compensation Board of Review,* 47 Pa.Cmwlth. 421, 408 A.2d 561 (1979). To be interpreted as a discharge, an employer's language must possess the immediacy and finality of firing. *Charles v. Unemployment Compensation Board of Review,* 122 Pa. Cmwlth. 439, 552 A.2d 727 (1989). "The degree of certainty in an employer's language resulting in a termination has often been the difference between those cases in which the Courts have found that an employee's termination was voluntary and those in which the employer's ... act was deemed to effect the termination." *Sweigart,* 408 A.2d at 563.

In this case the Board found that Fishel resigned to avoid the possibility of being fired after a formal hearing by the school board. This finding is supported by the testimony of McMinn that he explained the termination procedure to Fishel at the February 22 meeting. Although Fishel denies that the discussion took place, she acknowledged that McMinn told her the alternative to resignation was that the School District would *move to recommend* termination before the school board. That language does not convey the immediacy and finality of a firing, and the procedure was not certain to result in Fishel's discharge. After a hearing, the school board could vote either to reinstate or to discharge.

■ The Board's determination is consistent with a long line of cases in which we have held that an employee who quits work to avoid the possibility of being fired is not

entitled to compensation.[2] *Hill v. Unemployment Compensation Board of Review,* 35 Pa.Cmwlth. 252, 385 A.2d 1032 (1978). In *Smith v. Unemployment Compensation Board of Review,* 41 Pa.Cmwlth. 57, 398 A.2d 256 (1979), we held that an employee's resignation was voluntary when the employee re-signed after her supervisor said he would recommend termination. As in this case, the claimant in *Smith* contended that under the circumstances, she had no real option and was, in reality, forced to submit her resignation rather than wait for an inevitable discharge. We upheld the Board's determination based on "[t]he nature of the option presented ... and the uncertainty of the outcome of any disciplinary process...." *Id.* 398 A.2d at 258.

In the present case, the outcome of McMinn's recommendation was far from certain. A teacher may be dismissed after a hearing only by majority vote of the school board members. *See e.g.,* Public School Code of 1949, Sections 508, 514, and 1108.[3] In *Hill,* we found that the existence of a right to appeal an employer's determination that the claimant should be discharged renders the prospect of discharge less than a certainty.

We conclude that the Board's findings are supported by substantial evidence. McMinn's language at the February 22 meeting did not constitute an imminent discharge, and the outcome of the school board's hearing on the recommended termination was uncertain. Fishel's resignation was a voluntary termination without cause of a necessitous and compelling nature that would qualify her for benefits.

Accordingly, the decision and order of the Board are affirmed.

### ORDER

AND NOW, this 11th day of April, 1996, the decision and order of the Unemployment Compensation Board of Review in the above-captioned matter are affirmed.

DOYLE, J., dissents.

---

**2.** Only when the claimant resigns to avoid an *imminent* discharge will the separation be treated as a discharge. *See e.g., Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review,* 167 Pa.Cmwlth. 386, 648 A.2d 124 (1994), *petition for allowance of appeal denied,* 540 Pa. 615, 656 A.2d 120 (1995), in which the claimant established that the employer had a progressive disciplinary system under which the next step was dismissal and that the employer always approved recommendations for dismissal.

**3.** Act of March 10, 1949 P.L. 30, *as amended,* 24 P.S. §§ 5–508, 5–514, and 11–1108.