# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Pacanowski, : 
     Petitioner : 
     : 
    v. : No. 1255 C.D. 2018 
     : Submitted: April 11, 2019 
Unemployment Compensation Board : 
of Review, : 
     Respondent : 
     : 

**BEFORE:**  **HONORABLE RENÉE COHN JUBELIRER,** Judge
      **HONORABLE P. KEVIN BROBSON,** Judge
      **HONORABLE ELLEN CEISLER,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**     **FILED: May 2, 2019**

Kenneth Pacanowski (Claimant) petitions for review of an Order of the Unemployment Compensation Board of Review (Board) finding Claimant ineligible for benefits pursuant to Section 402(b) of the Unemployment Compensation Law (UC Law).[1] Claimant asserts the Board erred because the evidence shows he resigned in the face of imminent discharge, and, as a result, the Board should have

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), which provides, in relevant part that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

evaluated this case under Section 402(e) of the UC Law.[2]  Because Chester County Intermediate Unit (Employer) did not show Claimant engaged in willful misconduct, Claimant argues he is entitled to unemployment compensation (UC) benefits.  Based upon the findings made by the Board, which are supported by substantial evidence, we affirm.

Claimant worked as a part-time instructor for Employer from October 2016 to August 16, 2017,[3] at which time he submitted his resignation.  Whether Claimant voluntarily quit or resigned because he was facing imminent discharge is at the heart of this appeal.

Following his separation from employment, Claimant applied for benefits. The local Service Center issued a Notice of Determination finding Claimant voluntarily quit and was accordingly ineligible for benefits under Section 402(b). (Reproduced Record (R.R.) at 23a.)  Claimant appealed the Notice of Determination, and a hearing was scheduled before a Referee, at which Claimant, pro se, and a witness for Employer, its principal (Principal) testified.  Based upon the evidence presented, the Referee made the following pertinent findings of fact:

> 3.  The claimant was hired to work for [Employer] with an emergency teaching certification.
>
> 4.  In order to continue working for [Employer] for the 2017-2018 academic year, the claimant was required to obtain certification in agricultural mechanization.
>
> 5.  Temple University offered a certification program in that field.  The program offered the courses on line[.]

---

[2] 43 P.S. § 802(e).  Section 402(e) provides that an employee is ineligible for UC benefits if "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."  *Id.*

[3] Claimant's last day of work was actually June 9, 2017, which was the last day of the 2016-17 school year.

6. The claimant began researching pursuing a certification in farm agriculture at Penn State.

7. The claimant was pursuing that certification in order to be qualified to teach part time as an agricultural instructor for the Oxford School District.

8. On May 25, 2017, the claimant applied to the agricultural certification program offered by Penn State.

9. On June 27, 2017, the claimant was accepted into the Penn State agricultural certification program.

10. At that time, the claimant saw the classes he was required to take in person in State College[,] Pennsylvania, and the times they were offered.

11. At that time, the claimant discovered he could not enroll in the program at Penn State due to the distance and the times the courses were offered, and also because of his other responsibilities.

12. Between June 27 and July 27, 2017, the claimant took no steps to enroll in the agricultural mechanization program offered by Temple University in order to obtain the certification required to continu[e] to teach for [Employer].

13. On or about July 27, 2017, the claimant resigned from his teaching position with the Oxford School District.

14. Between July 27, 2017[,] and August 17, 2017, the claimant took no action to become enrolled in the Temple University agricultural certification [program] in order to obtain the necessary certification to continue to teach for [Employer].

15. On August 16, 2017, the claimant was not enrolled in any program to obtain a certification in order to continue teaching.

16. On or about August 16, 2017, the claimant resigned from his position with [Employer] because he did not possess the certification to continue teaching.

(Referee Decision, Findings of Fact (FOF) ¶¶ 3-16.)

The Referee determined Claimant did not seek to preserve his employment before resigning because, after finding out Penn State was no longer an option, Claimant still took no action to enroll at Temple, where he could have obtained the agricultural mechanization certificate he needed to maintain his position with Employer.[4] (Referee Decision at 3.) Thus, the Referee concluded Claimant did not establish a necessitous and compelling reason for leaving his employment or make a good faith effort to preserve his employment. (*Id.*) Accordingly, the Referee issued an Order affirming the Service Center's determination and finding Claimant was not eligible for benefits under Section 402(b).

Claimant[5] appealed to the Board, which adopted the Referee's findings and conclusions and incorporated them as its own. The Board rejected Claimant's argument that he resigned in lieu of imminent discharge such that Section 402(e) would have controlled. In doing so, the Board credited the testimony of Principal that Claimant was not informed by Employer that he would be discharged if he did not resign. The Board found that Claimant attempted to rely upon hearsay testimony that a union representative told him he was going to be discharged by Employer at a meeting scheduled for August 17, 2017, if he did not resign, and noted that the union representative was not Employer. The Board concluded Claimant resigned because he was concerned that he could not go back to teaching if he was terminated. However, it noted, when an employee resigns to avoid the possibility of dismissal, the employee's separation is voluntary. Therefore, it determined the Referee

---

[4] The farm agriculture certification at Penn State would have satisfied the certification he needed for Oxford School District, as well as for Employer, while the certificate at Temple would not have satisfied Oxford School District but would have Employer. (Referee Decision at 3.)

[5] Claimant, pro se, filed his appeal to the Board, but retained counsel at some point during the appeal.

4

properly adjudicated the appeal using Section 402(b) and affirmed the Referee's Decision. This appeal followed.

On appeal,[6] Claimant argues the Board erred since the evidence shows his resignation was because of the threat of imminent discharge. Consequently, Section 402(e) governing involuntary separations, not Section 402(b) governing voluntary ones, should apply. Because there is no evidence of willful misconduct, Claimant argues Employer did not meet its burden and he should be eligible for benefits. According to Claimant, Employer telephoned him on July 28, 2017, and told him that because Claimant resigned from Oxford School District, that resignation was considered a resignation from Employer,[7] too. He denies that Employer stated the lack of certification was an issue and challenges the Board's finding of fact to that effect. Furthermore, Claimant believed he was going to be fired at an upcoming meeting with Employer, a belief he states was confirmed by his union representative. Claimant claims the Board erred in refusing to consider evidence of what the union representative purportedly told Claimant on the basis it was hearsay because Employer did not object to this testimony at the hearing. In short, Claimant argues the burden was improperly placed on him to show he had a necessitous and compelling reason for quitting instead of on Employer to show Claimant engaged in willful misconduct. He asks the Court to reverse the Board's Order.

The Board responds that its finding that Claimant resigned because he did not possess a teaching certification is supported by substantial evidence. Further,

---

[6] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[7] According to the testimony, Employer and Oxford School District are affiliated in some way, but Claimant was paid separately by each. (R.R. at 60a.)

5

because Claimant does not challenge any other findings, the Board asserts the remaining findings are conclusive on appeal. The Board argues the findings show Claimant voluntarily left his employment and, at the time, was not facing imminent discharge. The Board points out Claimant admitted Employer never told him he would be discharged; only the union representative did, and the union representative is not Employer. The Board also disputes that the statements of the union representative were admissible, stating Employer objected a number of times to the hearsay testimony. Finally, the Board notes Claimant does not argue he had a necessitous and compelling reason for quitting. Therefore, it requests this Court affirm its Order.

A claimant bears the burden of showing his separation from his employer was the result of discharge.[8] *Pa. Liquor Control Bd. v. Unemployment Comp. Bd. of Review*, 648 A.2d 124, 126 (Pa. Cmwlth. 1994). If a claimant resigns in lieu of an imminent discharge, the claimant's separation is considered an involuntary discharge under Section 402(e). *Id.* However, if a claimant resigns when there is "only a possibility of discharge," a claimant is considered to have voluntarily quit and Section 402(b) applies. *Id.* Whether a claimant voluntarily quit or was discharged "is a question of law to be made based upon the Board's findings." *Id.*

Here, the Board found Claimant voluntarily resigned because he did not complete or begin courses to obtain a certain teaching certification, (FOF ¶¶ 15-16), a finding Claimant disputes as lacking substantial evidence to support it. Instead, Claimant argues the evidence shows he resigned because Employer told him his resignation from Oxford School District equated to a resignation from Employer, as well.

---

[8] If it is, the burden then falls on the employer to demonstrate willful misconduct. *Navickas v. Unemployment Comp. Review Bd.*, 787 A.2d 284, 288 (Pa. 2001).

6

Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). "In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Id.* Importantly, "[i]t is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). Finally, it bears emphasis that "the Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence." *Id.* On appeal, the Board's findings are conclusive "so long as the record taken as a whole contains substantial evidence to support them." *Henderson*, 77 A.3d at 718.

A review of the record demonstrates substantial evidence to support the Board's finding. When Claimant initially applied for benefits, he completed a supplemental information form for school employees wherein he stated he was unemployed because he was "[u]nable to schedule certification and meet scheduling needs." (R.R. at 13a.) In his claimant questionnaire, when asked why he quit his job, Claimant responded Employer and Oxford School District wanted him to get certain certifications, which he could not do given his work and other commitments. (*Id.* at 15a.) Claimant told the UC representative that when he explained this to both employers, they told him he could either resign or be discharged. (*Id.*) Because Claimant "want[ed] to look for other teaching jobs," he "turned in a resignation letter

7

to" Employer. (*Id.*) Moreover, in an email to Employer on August 16, 2017, Claimant wrote that completing the certificate that Oxford School District required "was untenable" after Delaware Valley University discontinued its program, which left only Penn State as an option to obtain the more advanced certificate. (*Id.* at 21a.) Because that program was only available in person at Penn State's main campus, and Claimant's schedule and commitments would not permit him to complete it, he resigned from Employer. (*Id.*) The above evidence is substantial evidence to support the Board's finding that Claimant resigned because he did not possess a teaching certification. Although Claimant maintains Employer's Principal told him he effectively resigned from Employer when he tendered his resignation from Oxford School District, a statement Principal acknowledges making, (*id.* at 63a), that there is evidence in the record to support other findings is irrelevant, so long as "there is evidence to support the findings actually made." *Ductmate Indus.*, 949 A.2d at 342. Furthermore, as Claimant does not specifically challenge any other findings of the Board, they are conclusive on appeal.[9] *Egreczky v. Unemployment Comp. Bd. of Review*, 183 A.3d 1102, 1108 (Pa. Cmwlth. 2018).

Based upon the Board's findings, we discern no error in the Board's conclusion that Claimant's resignation was voluntary because there was no evidence of imminent discharge. The Board credited the testimony of Principal that Claimant was not told he would be discharged if he did not resign. (Board Order.) Principal testified he did not know what would have happened and denied telling Claimant he would be fired. (R.R. at 65a.)

The only evidence to the contrary is Claimant's assertion that the union representative told him he was going to be fired at the upcoming meeting with

---

[9] Based upon our review of the record, even if Claimant had challenged the other factual findings, they are supported by substantial evidence.

8

Employer. However, the Board is correct that this statement was inadmissible hearsay. To the extent Claimant argues the Board erred in excluding this statement, we disagree. The statement is hearsay evidence that Employer repeatedly objected to at the hearing. (*Id.* at 55a, 59a.) It is well-established that "[h]earsay evidence, [p]roperly objected to, is not competent evidence to support a finding of the Board." *Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976). Thus, the statement was inadmissible. However, even if it was admitted, it does not establish that **Employer** advised Claimant that his discharge was imminent. A statement by the union representative cannot be imputed to Employer. Here, the evidence supports the Board's finding that Employer never told Claimant he was being discharged.

This Court has examined resignations in lieu of discharge on a number of occasions and the imminence of the discharge versus the mere possibility of discharge has been a key consideration. In *Fishel v. Unemployment Compensation Board of Review*, 674 A.2d 770 (Pa. Cmwlth. 1996), a long-term substitute teacher received an unsatisfactory performance evaluation. A representative of the school district advised the teacher that he would recommend to the school board that the teacher be dismissed. The teacher chose to resign. A referee originally awarded the teacher benefits finding her discharge was imminent, but the Board reversed. The Board concluded that the teacher was only facing the possibility of termination at the time she resigned. This Court affirmed, stating whether the school board would follow the recommendation to terminate the teacher "was far from certain." *Id.* at 773.

We reached a similar conclusion in *Goffi v. Unemployment Compensation Board of Review*, 427 A.2d 1273 (Pa. Cmwlth. 1981). In *Goffi*, a college professor

9

was advised by the dean that the dean was recommending the professor's termination because of unsatisfactory performance. Later that day, the professor tendered his resignation. We affirmed the Board's determination that the professor voluntarily quit and did not show a necessitous and compelling reason for doing so. *Id.* at 1274. Specifically, we stated "the claimant could have continued in his status as a professor and could have awaited the action of the board of trustees, with whom the final decision rested." *Id.* at 1274-75. We held his resignation "was premature because there had not been any definitive determination of his status by those with authority to hire and fire." *Id.* at 1275.

In contrast, in *Pennsylvania Liquor Control Board*, we held the claimant's resignation amounted to a discharge. There, the claimant was repeatedly reprimanded for excessive absenteeism and had been warned that any future violations would result in termination. After missing more work, a manager advised the claimant he was recommending disciplinary action. In response, the claimant resigned. A referee awarded the claimant benefits finding her discharge was imminent. The Board affirmed, as did this Court. In so holding, we noted the employer had a progressive discipline policy that provided for discharge at a certain point, which the claimant had reached. *Pa. Liquor Control Bd.*, 648 A.2d at 126. We also noted that the claimant had been warned that any further violations would result in discharge. *Id.* Although the manager stated he was recommending discharge, the claimant testified that the employer always followed the recommendations. *Id.* at 126-27. The employer also allegedly told the claimant that if she wanted to resign it would be better than being terminated. *Id.* at 127. Based upon these findings by the Board, we concluded that the claimant resigned to avoid imminent discharge. *Id.*

10

The present action is more akin to *Fishel* and *Goffi* than *Pennsylvania Liquor Control Board* in that there was no evidence of imminent discharge presented, but even *Fishel* and *Goffi* have more compelling facts than present here. Unlike in *Fishel* and *Goffi*, where a supervisor had recommended termination, it is undisputed here that Principal never told Claimant he was recommending termination or that Claimant was being terminated. At best, Principal asked for Claimant's resignation based upon his mistaken belief that resignation from Oxford School District equated to a resignation from Employer. However, even Claimant did not consider this statement a discharge because he testified that he told Principal he "had no intention of resigning" and that the certification required by Oxford School District, which he could not obtain through Penn State, was different than the certification required by Employer, which was attainable online through Temple. (R.R. at 56a.)

Because Claimant's discharge from Employer was not imminent, his resignation from Employer is considered voluntary. Under Section 402(b) of the UC Law, "[w]here a claimant has voluntarily quit employment, in order to obtain benefits, [he] must show that [he] left [his] employment for necessitous and compelling reasons." *Collier Stone Co. v. Unemployment Comp. Bd. of Review*, 876 A.2d 481, 484 (Pa. Cmwlth. 2005). The burden is on Claimant to show that he had a necessitous and compelling reason for quitting. *Latzy v. Unemployment Comp. Bd. of Review*, 487 A.2d 121, 123 (Pa. Cmwlth. 1985). To satisfy this burden, Claimant must demonstrate "that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve [his] employment." *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp.*

11

*Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Whether a claimant has necessitous and compelling reasons for terminating [his] employment is a question of law subject to" review by this Court. *Wise v. Unemployment Comp. Bd. of Review*, 111 A.3d 1256, 1261 (Pa. Cmwlth. 2015).

The Referee, whose findings were adopted by the Board, found Claimant did not act with ordinary common sense or make a good faith effort to preserve his employment. (Referee Decision at 3; Board Order.) This is based upon findings that Claimant took no steps to enroll in the Temple program that would have satisfied the certification needed for Employer. Claimant testified he was aware that he could obtain the certification needed for Employer **online** through Temple in the evenings or on weekends. (R.R. at 56a-57a, 69a.) Principal testified all Claimant needed to do was enroll in the program at Temple, but Claimant wanted to enroll in the program at Penn State because that certification also satisfied a requirement for Oxford School District. (*Id.* at 63a, 65a.) Claimant admitted he did not attempt to enroll at Temple in the program that would have satisfied Employer's certification requirements because the Penn State program would have satisfied both Employer's and Oxford School District's requirements. (*Id.* at 67a, 69a.) Had he pursued the Temple program, Claimant testified he could only have taught at one of the schools, Employer. (*Id.* at 67a.) He further admitted that after discovering Penn State was not a viable option in late June, he did not take any steps to enroll in the Temple program. (*Id.* at 68a, 70a.) He did not do so, even though it was a condition of employment that he "believed that [he] could simply fulfill . . . by enrolling in Temple on[]line. It would be very easy." (*Id.* at 69a.) We agree that this does not demonstrate Claimant acted with ordinary common sense or "made a reasonable effort to preserve [his] employment." *Brunswick Hotel*, 906 A.2d at 660.

12

We are cognizant of Claimant's concern that a discharge would have been viewed more negatively than a resignation. However, we have previously held that the "desire to keep an 'unsatisfactory' evaluation from becoming part of the individual personnel file is not a necessitous and compelling reason." *Gackenbach v. Unemployment Comp. Bd. of Review*, 414 A.2d 770, 771 (Pa. Cmwlth. 1980).

Based upon the findings made by the Board, which are supported by substantial evidence, we affirm the Board's conclusion that Claimant voluntarily resigned from his employment without a necessitous and compelling reason.[10]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[10] Because Claimant voluntarily resigned from his employment, Employer is not required to show Claimant engaged in willful misconduct. Therefore, we do not need to address Claimant's final argument.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Kenneth Pacanowski, : 
            Petitioner : 
         : 
           v. :   No. 1255 C.D. 2018
         : 
Unemployment Compensation Board : 
of Review, : 
            Respondent : 
         : 

## O R D E R

**NOW**, May 2, 2019, the Order of Unemployment Compensation Board of Review, dated August 17, 2018, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge